UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


S. M. J. (XXX-XX-1921)                    CIVIL ACTION NO. 10-cv-1092

VERSUS                                    JUDGE WALTER

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


**REPORT AND RECOMMENDATION**

**Introduction**

S. M. J. ("Plaintiff") applied for disability benefits based on back problems.  ALJ Charles Lindsay held a hearing and issued a written decision that denied the claim.  He found that Plaintiff, who was then 32 years old, has a high school education and past work experience as a stocker, pharmacy technician, and warehouse worker, was not disabled.

Plaintiff pursued his claim to the Appeals Council, where he presented additional evidence.  The Appeals Council denied the request for review.  Plaintiff then filed this civil action to challenge the Commissioner's final decision.  It is recommended, for the reasons that follow, that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past

relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.  The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from discogenic and degenerative disorders of the spine, impairments that are severe (step two) within the meaning of the regulations.  He found at step three that the impairments did not meet or equal a listed impairment.  Tr. 19-20.

The ALJ reviewed the medical evidence and testimony and assessed Plaintiff's residual functional capacity ("RFC").  He found that Plaintiff had the RFC to perform sedentary work,[1] except he can only occasionally climb (not ladders, scaffolds, etc.), crawl, kneel, balance, stoop, crouch and crawl, "and requires the option to sit or stand at will."  That sit/stand option is a focus of this appeal.  Tr. 20-22.

---

[1]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is  sedentary if walking and standing are required occasionally (up to a total of 2 hours per workday) and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a);  Social Security Ruling 83-10.

A vocational expert ("VE") testified that Plaintiff's current RFC would not permit him to perform the demands of his past relevant work (step four).  The VE was next asked if a person with Plaintiff's limitations and background could perform other jobs that exist in significant numbers in the economy.  The VE testified that Plaintiff's RFC and other relevant factors will allow him to perform the requirements of jobs such as telephone information clerk (98,000 in the national economy; 1,200 in Louisiana) and document preparer (62,000 in the national economy; 800 in Louisiana).  Based on that testimony, the ALJ found at step five that Plaintiff was not disabled.  Tr. 23.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**ALJ's Development of the Record**

The ALJ found that Plaintiff "requires the option to sit or stand at will."  Plaintiff complains on appeal that the ALJ nonetheless did not adequately develop testimony from

Plaintiff with respect to his need to interrupt sitting.  Assessment of this issue requires a brief review of Plaintiff's medical history.

Plaintiff underwent three lumbar laminectomies and intervertebral fusions in 2007. He had left knee arthroscopic meniscectomy and related physical therapy in 2008.  The knee problem apparently resolved, but Plaintiff continued to complain of back pain. He was referred to a pain management specialist, who diagnosed post-lumbar laminectomy syndrome and prescribed narcotic medications and muscle relaxants.  Within two months, Plaintiff said he had a good response to the medications, his pain was better, and he did not require all of the prescribed medication every day.  Tr. 19-21.

Plaintiff testified that he returned to work after his 2007 surgeries but was fired because his back gave him trouble doing his job.  Tr. 32-33.  The ALJ asked Plaintiff how his back had been feeling.  Plaintiff said: "It's killing me.  It hurts all the time."  Tr. 34. Plaintiff his physician had scheduled surgery after the hearing to remove his hardware in an attempt to alleviate his pain.  Tr. 35.  Plaintiff estimated that he could be on his feet for about 30 minutes at a time and he said he could sometimes sit for about an hour, but other times after 15 or 20 minutes "I have to get up because of my back hurting."  Tr. 39-40. Hardware related to the spine surgery was removed in September 2008 soon after the hearing, and Plaintiff later reported to a physician that his pain had subsided.  Tr. 22.

Plaintiff argues that the ALJ should have further developed the record and been more specific about whether Plaintiff needed to interrupt his sitting only to stand or also needed

to walk.  He points to Social Security Rulings that reference the need for findings in this area.

Social Security Ruling 96-9p provides:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work. (emphasis added).

Plaintiff also quotes from Social Security Ruling 83-12, which contains a section that addresses alternate sitting and standing:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> There are some jobs in the national economy -- typically professional and managerial ones -- in which a person can sit or stand with a degree of choice. If an individual had such a job

and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, must jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

The ALJ was specific about the frequency of Plaintiff's need to alternate sitting and standing. He found that Plaintiff would require the option to do so "at will." As suggested by the rulings, he also consulted a VE to determine whether that requirement would leave Plaintiff functionally capable of doing available jobs. Plaintiff complains that the ALJ should have also specifically addressed whether Plaintiff would need to walk at the time he stood, but there is nothing in the medical evidence or Plaintiff's testimony that suggests he would need to walk during those times.   That mere possibility, unsupported by any specific evidence, does not warrant reversal or further administrative proceedings.

**Appeals Council and the Allison Report**

Plaintiff faults the Appeals Council for not reviewing the ALJ's decision based on a post-decision report from Steve Allison, Doctor of Physical Therapy. In April 2009, after the ALJ's decision, a Louisiana rehabilitation agency referred Plaintiff to Allison for an evaluation.  Allison found that Plaintiff had the RFC to safely perform light work, which is more demanding than the sedentary RFC assessed by the ALJ.  Allison qualified his finding that it was subject to specific functional limitations set forth in a table that accompanied his

report.  Tr. 342-44.  With regard to the activity of sitting, the table states: "On average, he is capable of sitting up to 30 minutes each hour with periodic allowances to stand/walk."  Tr. 346.  Allison opined that Plaintiff should be able to safely return to light office work if provided with accommodation for his limitations as specified in the report.  Tr. 344.

Dr. Allison's report, even though it was submitted only to the Appeals Council, must be considered by the court in determining whether there is substantial evidence to support the final decision.  Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005).  The report was consistent with the RFC found by the ALJ and permitted the performance of even more demanding work.  Plaintiff focuses on the statement that he requires periodic allowances to "stand/walk," but the court affords the quoted language its common understanding and reads it to mean stand or walk, not stand and walk.  See Standard Ins. Co. v. Cecola, 2006 WL 83457 (W.D. La. 2006) (Stagg, J.) (a slash, also referred to as a virgule, has been interpreted in contract cases as presenting alternatives, meaning "or"), citing Heritage Bank v. Redcom Laboratories, Inc., 250 F.3d 319, 326 (5th Cir.2001). Furthermore, Dr. Allison has on several occasions submitted reports that specifically required the worker be allowed to stand and walk.  See e.g. B. D. B. v. Commissioner, 2010 WL 3720048 (W.D. La. 2010). He did not make that distinction in this case, and there were no specific findings or medical records to require such a limitation.

**Conclusion**

The record indicates that Plaintiff has significant back pain, and the ALJ reflected that by assessing an RFC for the least demanding category of work, reduced by a number of additional limitations such as the requirement that Plaintiff be able to sit or stand at will. Plaintiff has not pointed to evidence in the record to support his contention that it was error not to go further and explore whether Plaintiff would also need to walk around when he stood up. The medical evidence reviewed by the ALJ does not suggest such a need. Dr. Allison's report is consistent with the sit/stand option and does not indicate that walking around is required. The Commissioner's decision should withstand review in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE